**Electronically Filed
Intermediate Court of Appeals
30690
23-JAN-2013
08:04 AM**

NOS. 30690, 30529 and 30530

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
EVERETT D. SPEARS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 00-1-0206(3); CR. NO. 00-1-0333(2))


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)


Defendant-Appellant Everett Spears (**Spears**) appeals
from a June 24, 2010 Circuit Court of the Second Circuit (**Circuit
Court**) *Sua Sponte* Order (***Sua Sponte* Order**), which rescinded an
April 27, 2001 Stipulated Order Re: Jail Confinement (**Stipulated
Order**) and a May 8, 2001 Amended Stipulated Order Re: Jail
Confinement (**Amended Stipulated Order**).[1]

On April 29, 2000, Spears was arrested for burglary in
the first degree and violation of order of protection.  On May
15, 2000, Plaintiff-Appellee State of Hawai'i (**State**) charged
Spears in Cr. No. 00-1-0206 (**Case 1**) with five counts.  On July
3, 2000, while in custody for Case 1, Spears was indicted on two
counts in Cr. No. 00-1-0333 (**Case 2**), which was unrelated to Case
1.

---

[1]    The Honorable Joseph E. Cardoza presided.

On November 14, 2000, Spears pleaded no contest to four charges: in Case 1 - the reduced charge of criminal trespass in the first degree in violation of Hawaii Revised Statutes (**HRS**) § 708-813 (Supp. 2011), criminal property damage in the fourth degree in violation of HRS § 708-823 (1993), and harassment in violation of HRS § 711-1106 (Supp. 2008) and, in Case 2 - assault in the second degree in violation of HRS § 707-710 (1993).

On January 11, 2001, the Circuit Court sentenced Spears to five years of probation, subject to mandatory conditions, including imprisonment for one year, in accordance with a plea agreement. Spears' counsel pointed out that Spears should receive preconfinement credit for Case 2 from April 29, 2000 and not from July 12, 2000, as stated in Spears' certificate of preconfinement credit, because Spears was taken into custody on April 29, 2000 when he was arrested in connection with Case 1. For Case 1, the Circuit Court sentenced Spears as follows: one-year jail sentence for Count One, thirty-day jail sentence for Count Two, and thirty-day jail sentence for Count Five. For Count One of Case 2, the Circuit Court sentenced Spears to five years probation and one-year jail sentence. The Circuit Court ordered that Spears would receive credit for time served and that all sentences would run concurrently.

On April 23, 2001, Spears filed a Motion to Clarify Sentence in Case 2. On April 26, 2001, during a hearing on Spears' Motion to Clarify Sentence, Spears said that under the plea agreement, he "only accepted one year, not more than a year." The prosecutor responded, "It would be totally inappropriate for [Spears] to be serving more than a year." The Circuit Court stated, "[Spears' counsel's] declaration says scheduled for release on or about April 30. I don't know. Maybe --" The prosecutor then said, "Quite frankly, your Honor, I took that at face value. I didn't do any research whether or not that was the appropriate date." The Circuit Court instructed Spears'

counsel to check with the correctional facility about when Spears was taken into custody to determine when he is scheduled for release.

On April 27, 2001, the Circuit Court filed a Stipulated Order in both cases, which stated in relevant part:

> [T]he Defendant shall receive credit for time served since he was taken into custody on April 29, 2000 at 2330 hours, and he shall be released from custody on April 29, 2001 at 2330.
>
> It is further agreed that Special Condition B of the Judgment and Sentence filed on January 11, 2001 in the above-entitled matters shall be amended to read as follows: You are committed to the custody of the Director of the Department of Public Safety for a period of ONE (1) year of jail confinement in [Case 2] Count 1, credit for time served *nunc pro tunc* to April 29, 2000 at 2330 hours.

Spears was released on April 29, 2001. On May 8, 2001, the Circuit Court filed an Amended Stipulated Order, which stated in relevant part:

> [T]he Defendant shall receive credit for time served since he was taken into custody on April 29, 2000 at 2330 hours, and he shall be released from custody on April 29, 2001 at 2330.
>
> It is further agreed that Special Condition B of the Judgment and Sentence filed on January 11, 2001 in the above-entitled matters shall be amended to read, in full, as follows:
>
> You are committed to the custody of the Director of the Department of Public Safety for a period of ONE (1) year of jail confinement in [Case 2] Count 1 [credit for time served *nunc pro tunc* to April 29, 2000 at 2330 hours],[2] and for a period of ONE (1) year of jail confinement in [Case 1] Count 1; 30 days in Counts 2 and 5; all terms to run concurrently with each count and each criminal number. Mittimus to issue forthwith with credit for time served.

On February 18, 2003, the State filed a motion for an order to show cause and issuance of a warrant of arrest based on alleged violations of the terms and conditions of Spears' probation for Case 2. Spears was served with the warrant on May 16, 2006. On July 13, 2006, Spears admitted to violating certain terms and conditions of his probation. The Circuit Court

---

[2]    Brackets in original.

resentenced Spears in Case 2 by revoking his probation and sentencing him to a five-year term of imprisonment, with credit for time served.

On July 3, 2008, Spears sent a letter to Scott Jinbo, the Hawaiʻi Department of Public Safety (**DPS**) Contract Monitor, in which Spears asserted that his release date from prison for Case 2 had been inaccurately calculated. Spears stated that he had been in custody since May 16, 2006 and that he should have received credit for time served from April 29, 2000 to April 29, 2001[3/] and from May 16, 2006 to July 13, 2006.

On January 26, 2010, the Circuit Court filed a Notice of *Ex Parte* Communication, which stated that it had received a letter from Spears on January 25, 2010. In his letter, Spears asked that the Circuit Court to clarify his presentence credits for Case 2 to include the periods of his incarceration from April 29, 2000 to April 29, 2001 and from May 16, 2006 to July 13, 2006.[4/]

On March 1, 2010, Spears filed a Motion to Withdraw Guilty Plea in both cases, stating that the State had not honored the plea agreement. On March 16, 2010, Spears filed a Motion for Writ, asking the Circuit Court for an order allowing him to appear before it for oral arguments on his Motion to Withdraw Guilty Plea.

Spears sent a letter that he had received from DPS for the Circuit Court to file for his upcoming April 20, 2010 hearing, which states, in relevant part:

> When you were released on 4/29/01, you had not served the full 1 year sentence that was imposed for the charge in [Case 2]. Your expected end date for that case was 7/9/01. . . . Now that you have been re-sentenced to an open term

---

[3/] Spears mistakenly wrote that he was incarcerated from April 26, 2000 to April 26, 2001.

[4/] Spears mistakenly wrote that he was incarcerated until July 12, 2006, but it appears that he was in custody until he was resentenced to five years incarceration on July 13, 2006.

> in [Case 2], it is [DPS's] responsibility to compute your
> pre-sentence credit. [DPS] is bound to follow HRS § 706-671,
> which requires [DPS] to compute all detention that follows
> the arrest for the charge for which the defendant is
> sentenced. In review of our records, we have determined
> that you had not served the full 1 year in 2001 for [Case
> 2]. . . . Pre-sentence credit is statutory and cannot be
> *nunc pro tunc.* We have drafted a letter to the Judge,
> requesting guidance in regards to the stipulated order that
> was filed on 4/27/01. Until we receive documentation, or an
> order to the contrary, your total pre-sentence credit for
> [Case 2] will remain at 352 days, with a maximum expiration
> date of 7/24/2010.

On April 20, 2010, at the hearing on Spears' Motion for Writ and Motion to Withdraw Guilty Plea, the Circuit Court orally denied Spears' motion to withdraw guilty plea without prejudice, indicating that Spears would not be able to withdraw his plea under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 32(d)[5] because his motion was untimely, but that he could file an HRPP Rule 40 petition. Thereafter, although it appears that Spears did not file a separate HRPP Rule 40 petition, the Circuit Court nevertheless appeared to treat Spears' Motion to Withdraw Guilty Plea as an HRPP Rule 40 petition, setting the matter for further hearing.

On May 6, 2010, at a further hearing on Spears' motion/petition, the Circuit Court recognized that "the government decided to enter into a stipulated order concerning jail confinement that allowed for [Spears] to be given credit for

---

[5] HRPP Rule 32(d), entitled "Withdrawal of Plea[,]" states:

A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea. *At any later time, a defendant seeking to withdraw a plea of guilty or nolo contendere may do so only by petition pursuant to Rule 40 of these rules* and the court shall not set aside such a plea unless doing so is necessary to correct manifest injustice.

(emphasis added.)

time served *nunc pro tunc* to April 29, 2000."    The Circuit Court
further stated:

> The Court recognizes that it was -- there was a period of
> time in the State of Hawai'i when defendants would enter
> into stipulated orders allowing for credit for time served
> *nunc pro tunc* even if the defendant was not actually in
> custody in the case.  And this is one of those situations.
>
> However, [DPS] in light of the way that the law has
> developed and the law -- the way the law has developed is
> that you actually have to be in custody in order to get
> credit for that time.
>
> And *nunc pro tunc* orders that credit time that was not
> actually served will not be recognized by [DPS].  So,
> therein, lies the problem for [] Spears.  Because [DPS] is
> not going to recognize credit for time served that doesn't
> reflect time served consistent with case law as has
> developed in the State of Hawai'i.

The Circuit Court further continued the hearing to June
8, 2010.

On May 24, 2010, Spears filed a Notice of Appeal from
the Circuit Court's April 20, 2010 verbal denial of his Motion to
Withdraw Guilty Plea "to reserve his right thereof."

On June 8, 2010, at the further hearing on Spears'
motion/petition, the Circuit Court stated that under State v.
March, 94 Hawai'i 250, 11 P.3d 1094 (2000), it did not have the
authority to give Spears credit for time that he did not actually
serve in Case 2, as it had in the April 27, 2001 Stipulated Order
and May 8, 2001 Amended Stipulated Order.  Accordingly, the
Circuit Court "order[ed] that [the] order giving [Spears] credit
for time that he didn't actually serve be vacated."

On June 24, 2010, the Circuit Court filed the *Sua
Sponte* Order rescinding the April 27, 2001 Stipulated Order and
the May 8, 2001 Amended Stipulated Order.  The *Sua Sponte* Order
provides, in its entirety:

> On June 8, 2010, a further hearing on Defendant EVERETT
> SPEARS' ("Defendant") motion for writ and motion to withdraw
> guilty plea was held in [Case 1]. . . . During said
> hearing, the Court observed that the stipulated order signed
> by this Court granting Defendant credit for time served in
> [Case 2] for time served only in [Case 1] was illegal and
> ordered that said order be rescinded.  The purpose of this

order is to reduce to writing the Court's oral order of June 8, 2010.

With the exception of the fact that the same defendant was charged in both of the above cases, there is no dispute that the charges in the two cases are unrelated. On April 27, 2001, the parties in the above matters entered into a "stipulated order re: jail confinement" that provided that Defendant be "committed to the custody of the Director of the Department of Public Safety for a period of one (1) year confinement in [Case 2] credit for time served *nunc pro tunc* to April 29, 2000 at 2330 hours." On May 8, 2001, the parties entered into an "amended stipulated order re: jail confinement" that did not change the substance of the stipulated order filed April 27, 2001.

It is undisputed that Defendant was not in custody in [Case 2] from April 29, 2000 through July 11, 2000. Indeed, in [Case 2], Defendant was charged by indictment filed on July 3, 2000. He was arrested in [Case 2] on July 12, 2000. During the period of April 29, 2000 through July 11, 2000, Defendant was in custody in [Case 1] only. Thus, pursuant to the stipulated orders filed April 27, 2001 and May 8, 2001, Defendant was given credit in [Case 2] for time served only in [Case 1].

Although a sentencing court is given broad discretion in sentencing defendants, the sentence imposed must be authorized by statute. *State v. March*, 94 Hawai'i 250, 254, 11 P.3d 1094, 1098 (2000). Hawai'i Revised Statutes ("HRS") § 706-600 expressly precludes the imposition of a sentence not authorized by chapter 706. *Id.* HRS § 706-671 not only authorizes, but also mandates, that a trial court credit a defendant for any time served in connection with the same offense. HRS § 706-671, however, does not authorize courts to credit a defendant with time served for another offense. *Id.* at 254-55, 11 P.3d 1098-99. A sentence that credits a defendant with time served for an unrelated offense is illegal because the sentencing court is not authorized by Chapter 706 to grant such a credit. *Id.* at 255, 11 P.3d at 1099.

Here, by stipulated orders filed April 27, 2001 and May 8, 2001, Defendant was given credit in [Case 2] for time he had served in [Case 1], an unrelated case. There is no dispute that Defendant was not in custody in [Case 2] during the period of April 29, 2000 through July 11, 2000. Thus, the April 27, 2001 and May 8, 2001 stipulated orders that gave credit to Defendant for time he had not actually served in [Case 2] were illegal and should be rescinded. Now, therefore,

IT IS HEREBY ORDERED that the stipulated order re: jail confinement, filed in the above matters on April 27, 2001, and the amended stipulated order re: jail confinement, filed in the above matters on May 8, 2001, are rescinded. Nothing in this order shall preclude Defendant from pursuing the motions he has already filed or may file in the above matters. Any such motions will be heard and disposed of by separate order.

Spears' motion/petition, which the Circuit Court continued to refer to as Spears' Motion to Withdraw Guilty Plea, was still pending when the Circuit Court filed its *Sua Sponte* Order on June 24, 2010. On June 29, 2010, at a further hearing, the Circuit Court stated that it would be appropriate to have an evidentiary hearing.

At 7:57 A.M. on July 27, 2010, the Circuit Court file-stamped Spears' *Ex-Parte* Motion to Extend Time to File Notice of Appeal (**Motion to Extend Time**), which the Circuit Court had "approved and so ordered," so that Spears had until August 23, 2010 to file his Notice of Appeal. Spears' counsel had signed and dated the Motion to Extend Time on July 26, 2010.

On August 19, 2010, Spears submitted a Stipulation to Extend Time in Which to File a Notice of Appeal (**Stipulation**) from the June 24, 2010 *Sua Sponte* Order, asking that the deadline for Spears to file a Notice of Appeal be extended to August 23, 2010, which states: "IT IS HEREBY STIPULATED by and between the parties hereto, that the deadline to file a Notice of Appeal from the *Sua Sponte* Order Rescinding Stipulated Order, which was filed on June 24, 2010 is extended until August 23, 2010." The Circuit Court approved the Stipulation.

On August 23, 2010, Spears filed a Notice of Appeal from the June 24, 2010 *Sua Sponte* Order.

On appeal, Spears raises two points of error, (1) contending that the Circuit Court and State breached the plea agreement, and (2) the Circuit Court and State violated Spears' due process rights because the June 24, 2010 *Sua Sponte* Order rescinded Spears' agreed-upon award of preconfinement credit *nunc pro tunc*. In response, the State argues, *inter alia*, that this court lacks appellate jurisdiction because the August 23, 2010 Notice of Appeal was untimely.

Upon careful review, we conclude that we lack jurisdiction over this appeal, not for the reasons argued by the

8

State, but because the *Sua Sponte* Order is not a final appealable order.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11[6/] [Supp. 2011], from a certified interlocutory order, see HRS § 641-17 [Supp. 2011], or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Pursuant to HRS § 641-11 and "HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted).

Neither party raised the issue of whether the June 24, 2010 *Sua Sponte* Order is an appealable final order. Nevertheless, a "post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions." Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) (citation omitted). The nature and effect of the order controls whether the order is final:

> "Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

---

6/    Under HRS § 641-11, "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court," and the "judgment" of a circuit court is the "sentence of the court in a criminal case[.]" HRS § 641-11.

Familian Northwest, Inc., 68 Haw. at 369, 714 P.2d at 937 (citations omitted). "Procedural orders which leave the cause still pending are ordinarily considered to be interlocutory." Jezierny v. Biggins, 56 Haw. 662, 663, 548 P.2d 251, 252 (1976).

Here, the Circuit Court has not yet entered a final judgment on all of the arguments that Spears asserted in his motion/petition, which we deem to be an HRPP Rule 40 petition, as this appears to be most consistent with the Circuit Court's treatment of it. The June 24, 2010 *Sua Sponte* Order is not a final order because "the rights of a party involved remain undetermined or [] the matter is retained for further action." Familian Northwest, Inc., 68 Haw. at 369, 714 P.2d at 937 (citations omitted).

In Spears' March 1, 2010 motion/petition, Spears stated that he wanted to "withdraw his guilty plea and go to trial on the matters" because he was not awarded preconfinement credit *nunc pro tunc* in Case 2 and thus "the plea agreement has not been honored by the State[.]" While the *Sua Sponte* Order addresses the issue of Spears' preconfinement credit, it does not address the issue of whether the State breached the plea agreement, or whether the State breached Spears' due process rights, as Spears alleges. The *Sua Sponte* Order simply rescinds the previous stipulated orders from 2001, which granted Spears preconfinement credit *nunc pro tunc* in Case 2.

In fact, Spears' motion/petition was still pending at the time the Circuit Court filed its *Sua Sponte* Order on June 24, 2010. On June 29, 2010, the Circuit Court stated that it would be appropriate to have an evidentiary hearing. The *Sua Sponte* Order presumably refers to Spears' motion/petition, stating: "Nothing in this order shall preclude Defendant from pursuing the motions he has already filed or may file in the above matters. Any such motions will be heard and disposed of by separate order."

Absent an appealable final judgment that resolves all of the issues in Spears' motion/petition for post-conviction relief, Spears' appeal is premature and we lack jurisdiction. Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, January 23, 2013.

On the brief:

Lars Peterson
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
Department of the Prosecuting
  Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge